No. 686
ST. MARYS GAS CO. v. BRODBECK, Admr.
No. 19253. Supreme Court
On motion to certify. Dock. July 11, 1925;
3 Abs. 435.

**851. NOTICE—Does explosion of natural gas in a house, warrant inference, either actual or constructive, of defective condition of main line, meters, or appliances, to Gas Co.?**

This action was originally commenced by L. C. Brodbecker, Administrator, of the estate of Joseph McEvoy, deceased, against the St. Marys Gas Co., seeking damages for wrongfully causing the death of Broadbecker's intestate from injuries caused by an explosion.

It was alleged that the Gas Co. permitted gas lines, meters, and connections to become old, worn, rusted, rotten, broken, and incapable and insufficient to retain and to hold the natural gas to be confined therein by reason of which said gas escaped and accumulated in large quantities in cellar of decedent, where it came in contact with a lighted match and then and there exploded with great force and violence whereby said decedent, Joseph McEvoy, was killed. That said company could by exercise of reasonable care have ascertained and known said defective lines, meter, connection and appliances. Damages were claimed for $25,000.

The Company denied negligence and pleaded contributory negligence on part of the decedent as a defense. After close of Brodbeck's testimony the Gas Co. moved for a directed verdict, said motion being sustained. Error was prosecuted and the court of appeals reversed the judgment of the common pleas. The Company contended that there had been no actual or constructive notice, or evidence tending to prove any defect in the main lines, service lines, meter or other appliances. The court of appeals held, in reversing the judgment, that the explosion itself warrants the inference of such notice and the question becomes one for determination by a jury.

The case was taken to the Supreme Court where it is contended that the company owns and controls all the mains, up to the curb line and that the pipes and connections that went through the decedent's premises were owned and controlled by him, with the exception of the meter. It is claimed that the meter did not leak as was claimed by the administrator.

The decedent was contributorily negligent it was claimed by having struck a match in the cellar in which there was no ventilation, said gas having accumulated through the negligence and acts of the decedent.

It is contended that before the administrator can recover on this action, he must show not only that there was an explosion from natural gas, but that it leaked from the meter or pipes of the company by reason of a defect which was known or by the exercise of proper care could have been known to the Gas Co.

It is claimed that in absence of notice the company had the right to assume that the owner of the building was seeing to it that the pipes were in proper repair, and that gas could not and would not escape therefrom.

It is claimed by the company that, "In an action where negligence of the defendant is admitted or proven, and contributory negligence on part of the plaintiff is an issue, and plaintiff's evidence raises reasonable presumption of negligence on his part contributing in some degree to his injury, the burden is cast upon him to furnish proof, as a part of his case in chief, tending to dispel such inference, and a failure to furnish any such proof will defeat a recovery by him and it then becomes the duty of the court to direct a verdict." Railroad Co. v. Lee, 2 Abs. 772.

Attorneys—H. O. Bentley and J. H. Goeke, Lima, for Gas Co.; L. C. Brodbeck, Wapakoneta, for Brodbeck.